UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMMANUEL ASHEMUKE,<br><br>                       Petitioner,<br><br>   v.<br><br>ISRAEL JACQUEZ, Warden, Federal Detention Center SeaTac, *et al.*,<br><br>                       Respondents. | Case No. C22-1320-JHC-SKV<br><br>REPORT AND RECOMMENDATION |

### I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action proceeding under 28 U.S.C. § 2241. Petitioner Emmanuel Ashemuke is a federal prisoner who is currently confined at the Federal Detention Center in SeaTac, Washington. *See* Dkt. 3. Petitioner asserts in this action that the Federal Bureau of Prisons ("BOP") has improperly deemed him ineligible to have earned time credits ("ETCs") he is entitled to under the First Step Act of 2018 ("FSA") applied towards early release from confinement because of an active immigration detainer. *See id*. at 6-7. Petitioner asks that the Court order the BOP to apply his ETCs towards his early release as guaranteed by the FSA. *Id*. at 7.

REPORT AND RECOMMENDATION
PAGE - 1

Respondents have filed a motion to dismiss the petition which is currently ripe for review. Dkt. 9. However, subsequent submissions by the parties demonstrate that there is no longer a case or controversy for this Court to adjudicate. Accordingly, this Court recommends that the instant action be dismissed as moot and that Respondents' motion to dismiss be stricken.

## II.   BACKGROUND

Petitioner is confined pursuant to a 2020 Judgement and Sentence of the United States District Court for the Northern District of Texas, case number 4:19-CR-331-P. *See* Dkt. 3 at 1; Dkt. 9, Ex. A at 1. Petitioner was sentenced in that case to a term of 60-months confinement, followed by three years of supervised release. *See* Dkt. 9, Ex. A at 1. Petitioner's statutory release date is December 19, 2023. *See id.*; *see also* Dkt. 25, Ex. A at 1. Immigration and Customs Enforcement has lodged a detainer against Petitioner with the BOP based on allegations that Petitioner is removable from the United States. *See* Dkt. 9, Ex. A at 3.

Petitioner submitted his petition for writ of habeas corpus to this Court for filing on September 19, 2022.[1] *See* Dkt. 1. Petitioner asserts in his petition that the BOP has improperly refused to apply his ETCs towards early release from confinement because of his active immigration detainer. *See* Dkt. 3 at 6-7; Dkt. 3-2. Petitioner contends that though the FSA specifically excludes inmates subject to a final order of deportation from eligibility to have ETCs applied towards early release, a detainer "is not synonymous with a final order of removal or a final order of deportation." Dkt. 3 at 6; *see also* Dkt. 3-2 at 1. Petitioner maintains that the BOP's policy that excludes inmates with immigration detainers from having ETCs applied

---

[1] Though Petitioner filed his petition *pro se*, this Court subsequently appointed the Federal Public Defender to represent Petitioner in this matter. *See* Dkts. 3, 13, 15.

REPORT AND RECOMMENDATION
PAGE - 2

towards early release is contrary to both the FSA and the BOP's final rules governing the earning and application of ETCs.  *See* Dkt. 3 at 6-7; Dkt. 3-2.

After reviewing the petition, this Court ordered that it be served on Respondents and, on October 27, 2022, Respondents filed a motion to dismiss the petition.  Dkts. 4, 9.  Respondents identify in their motion several bases for dismissal of the petition.  Respondents first argue that Petitioner's federal habeas petition is not ripe because, even absent the detainer issue, and accepting Petitioner's representation about the number of ETCs he has accrued, he is not yet eligible to have ETCs applied to his sentence because those credits are less than the remainder of his imposed prison sentence.  Dkt. 9 at 4-6.  Respondents next argue that the petition should be dismissed because of Petitioner's failure to exhaust his administrative remedies.  *Id*. at 6-10.  Finally, Respondents argues that the BOP's position that inmates subject to an immigration detainer are not eligible to have ETCs credited against their sentences is consistent with the FSA and wis entitled to deference.  *Id*. at 10-13.

Subsequent to the filing of Respondents' motion to dismiss, the Department of Justice issued a program statement in which it formalized the BOP's policy that it would not apply ETCs to inmates with immigration detainers.  *See* Dkt. 17, Ex. 1 at 13 (DOJ Program Statement 5410.01, ¶ 10 (issued November 18, 2022)).  Thereafter, in a separate federal habeas action in which the petitioner, also subject to an immigration detainer, raised the same argument as is presented in this action, the Court concluded that the petitioner was not ineligible under relevant provisions of the FSA from receiving or earning ETCs because he was not subject to a final order of removal.  *See Sierra v. Jacquez*, C22-1509-RSL, Dkts. 10, 17.  The petition in that case was therefore granted and the BOP was ultimately directed to release the petitioner from custody

REPORT AND RECOMMENDATION
PAGE - 3

upon respondents' concession that the petitioner had earned a sufficient number of ETCs to make him eligible for release.  *See id*., Dkt. 17 at 2.

Notably, during the pendency of *Sierra*, in a submission dated January 10, 2023, respondents advised the Court that the "BOP has decided to reconsider its guidance on the effect of immigration detainers on the application of First Step Act time credits. It plans to issue a revised Program Statement."  *Sierra*, Dkt. 10 at 5.  On February 6, 2023, Respondents here filed a notice of supplemental authority in which they advised that the BOP had, on that date, issued a Change Notice regarding Program Statement 5410.01 which, among other changes, deleted language stating that inmates with outstanding detainers would be unable to apply ETCs to prerelease custody or release to supervision until the detainer had been resolved.  *See* Dkt. 23 at 1-2, Ex. A.

### III.   DISCUSSION

Under Article III of the U.S. Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.  *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988).  Thus, to invoke the jurisdiction of the federal court, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477 (1990).  The Supreme Court has made clear that the case-or-controversy requirement "subsists through all stages of federal judicial proceedings."  *Id*.  It is therefore not enough that a dispute was alive at the time the action was filed, the parties "must continue to have a personal stake in the outcome of the lawsuit" in order to sustain the federal court's jurisdiction.  *Id*. at 477-78.  When the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome, an

REPORT AND RECOMMENDATION
PAGE - 4

action is moot. *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir.1998).

Here, the sole issue presented by Petitioner is whether the BOP is properly refusing to apply his ETCs to his sentence because he is subject to an active immigration detainer. *See* Dkt. 3 at 6-7; Dkt. 17 at 1. At the time Petitioner filed his petition, the BOP did, in fact, have a policy in place that disqualified Petitioner from having ETCs applied to his sentence because of the detainer. As noted above, that policy was memorialized in BOP Program Statement 5410.01, ¶ 10. As further noted above, the BOP has now issued a Change Notice which deletes from the Program Statement language which disqualified inmates with active detainers from having ETCs applied toward early release from confinement. While Petitioner is not yet eligible for release because he does not have a sufficient number of time credits, the BOP recently recalculated Petitioner's release date, applying the time credits Petitioner has earned to date, and now projects his release date to be March 14, 2023. Dkt. 25 at 1, Ex. A.

Because the relief Petitioner sought by way of this federal habeas action has effectively been granted as a result of the recent change in BOP policy, Petitioner has no injury that could be redressed by this Court and his petition is therefore moot.[2] *See Lewis*, 494 U.S. at 477.

### IV.   CONCLUSION

Based on the foregoing, this Court recommends that this action be dismissed as moot and that Respondents' motion to dismiss be stricken. A proposed Order accompanies this Report and Recommendation.

---

[2] On February 14, 2023, the undersigned held a status hearing during which the parties conceded that, in light of the change to the Program Statement, this matter is now moot. *See* Dkt. 26.

REPORT AND RECOMMENDATION
PAGE - 5

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 17, 2023**.

DATED this 17th day of February, 2023.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6